119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rolando NUNEZ-GUTIERREZ, Defendant-Appellant.
 No. 97-50063.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-96-01361-BTM; Barry T. Moskowitz, District Judge, Presiding.
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rolando Nunez-Gutierrez appeals the 16-month sentence imposed by the district court after he pleaded guilty to importing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. Nunez-Gutierrez contends the district court erred by denying him a three-level mitigating role reduction under U.S.S.G. § 3B1.2. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's determination of the defendant's role in the offense, see United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), and we affirm.
 
 
 3
 Nunez-Gutierrez received a two-level minor participant reduction under section 3B1.2(b), but contends the district court erred by denying him an additional one-level reduction solely because he had a prior drug smuggling conviction. This contention lacks merit.
 
 
 4
 The Sentencing Guidelines provide for a four-level reduction "[i]f the defendant was a minimal participant," a two-level reduction "[i]f the defendant was a minor participant," and a three-level reduction in cases where the defendant's role was between that of a minor participant and a minimal participant. See U.S.S.G. § 3B1.2 (1995). The decision as to which of these adjustments applies "involves a determination that is heavily dependent upon the facts of the particular case." See id. comment. (backg'd.) The defendant must prove by a preponderance of the evidence that he is entitled to a reduction based on his role in the offense. See Davis, 36 F.3d at 1436.
 
 
 5
 Here, Gutierrez-Nunez agreed to smuggle almost ten kilograms of marijuana from Mexico to California for two individuals for two hundred dollars. The district court rejected Gutierrez-Nunez's argument that he was entitled to a three-level reduction because he was "much less" culpable than the other participants. Contrary to Gutierrez-Nunez's contention, in addition to noting that he had a prior drug smuggling conviction, the court also inferred that he was asked to smuggle the drugs because the others trusted him and found that it was unknown "how big this group [was]."
 
 
 6
 Even if the district court improperly considered Gutierrez-Nunez's prior smuggling conviction in denying him a three-level reduction, Gutierrez-Nunez presented no evidence in support of his request. See Davis, 36 F.3d at 1436. Moreover, Gutierrez-Nunez was entrusted with the possession of a substantial amount of drugs for which he anticipated being compensated upon completion of his task. See id. at 1437 (stating that court is not required to grant section 3B1.2 reduction where defendant knew he was transporting drugs and received money in return); United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (stating that court is not required to grant section 3B1.2 reduction where defendant possessed substantial amount of narcotics); see also United States v. Zweber, 913 F.2d 705, 710 (9th Cir.1990) (upholding denial of section 3B1.2 reduction where, inter alia, defendant was entrusted with responsibility during drug transaction). Accordingly, the district court did not clearly err by determining that Nunez-Gutierrez was not entitled to a three-level mitigating role reduction under section 3B1.2. See Davis, 36 F.3d at 1436.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3